IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| David A. Just, Ed.D., ) | |
| ) | C/A No.: 3:12-cv-3115-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DIRECTING** |
| ) | **PARTIES TO BRIEF ISSUES** |
| ) | |
| Spartanburg Community College, Para ) | |
| Jones, Henry Giles, South Carolina ) | |
| State Board for Technical and ) | |
| Comprehensive Education, and South ) | |
| Carolina State Ethics Commission, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

At the hearing on the defendants' motions to dismiss held on January 24, 2013, this court heard arguments regarding, among other things, the cause of action plaintiff has styled "constructive discharge" and asserted against defendants Spartanburg Community College (SCC) and South Carolina State Board for Technical and Comprehensive Education (SCBTCE). It appears to the court from these parties' briefs and the arguments presented at the hearing that these parties disagree about both the nature of this claim and the elements plaintiff must demonstrate to be entitled to relief. For example, the arguments of defendants SCC and SCBTCE relate to the doctrine of constructive discharge discussed in *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186–87 (4th Cir. 2004), and in *Graves v. Horry-Georgetown Technical Coll.*, 704 S.E.2d 350, 355 (S.C. Ct. App. 2010). Plaintiff disagrees with this characterization of his cause of action,

1

stating that it is instead "principally a request for an injunction to restore Plaintiff to his previous position." Pl.'s Mem. Opp'n. 9, ECF No. 15.

Based on the above, this court believes that further briefing regarding the following issues would assist the court's resolution of the pending motions to dismiss. Assuming for the sake of argument that plaintiff exhausted his administrative remedies under the State Employee Grievance Procedure, S.C. CODE ANN. §§ 8-17-310 to -380, with respect to the grievance he filed after his involuntary resignation,

(1)    what further legal remedies may be available with respect to the involuntary resignation, under either state or federal law, and under what conditions?

(2)    are equitable remedies, including injunctive relief, available to remedy an involuntary resignation?

The plaintiff and defendants SCC and SCBTCE are hereby directed to submit briefs regarding these issues, including applicable authority in support of their positions, to the court within fourteen (14) days. No reply briefs are necessary.

IT IS SO ORDERED.

January 31, 2013                         Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

2