IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David A. Just, Ed.D., | C/A No. 3:12-cv-03115-JFA |
| Plaintiff, | |
| vs. | |
| Spartanburg Community College; Para Jones; Henry Giles; South Carolina State Board for Technical and Comprehensive Education; and South Carolina State Ethics Commission, | **ORDER ON MOTIONS TO DISMISS** |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff David A. Just, Ed.D. brought this action in the Richland County Court of Common Pleas against Defendants South Carolina State Ethics Commission (SEC), Spartanburg Community College (SCC), South Carolina Board for Technical and Comprehensive Education (SCBTCE), Henry Giles, and Para Jones. Plaintiff sued defendants Giles and Jones individually and in their official capacities as the current and former Presidents of defendant SCC, respectively. On October 29, 2012, the defendants removed the action to this court.

On November 1, 2012, defendant SEC filed a motion to dismiss the sole cause of action against it, one for attorney's fees under S.C. CODE ANN. § 15-77-300 (count 9), for failure to state a claim under Rule 12(b)(6). Then, on November 5, 2012, the other defendants filed a motion to dismiss certain of the causes of action against them, also for failure to state a claim under Rule 12(b)(6). In particular, defendant SCC moved to dismiss plaintiff's claim under § 15-77-300 against it (count 9); defendants SCC and SCBTCE moved to dismiss plaintiff's claim for constructive discharge against them (count 8); defendants Giles and Jones moved to dismiss all of plaintiff's tort claims against them in their official capacities; and finally

1

defendants Giles, Jones, SCC, and SCBTCE moved to dismiss plaintiff's claim for negligent misrepresentation against them (count 3). In plaintiff's response to this second motion to dismiss, he withdrew his claims against defendants Giles and Jones in their official capacities.[1] Plaintiff also withdrew his claim for negligent misrepresentation against defendants SCC and SCBTCE, acknowledging that the facts pleaded do not meet the elements of this cause of action.[2]

Accordingly, this Order discusses only the following two claims: (1) plaintiff's claim for attorney's fees against defendants SEC and SCC under § 15-77-300; and (2) plaintiff's claim for constructive discharge against defendants SCC and SCBTCE. After considering the parties' briefs and the arguments presented at the hearing on January 24, 2013, the court grants defendants SEC's and SCC's motions to dismiss plaintiff's claim under § 15-77-300. Additionally, the court grants the motion of defendants SCC and SCBTCE to dismiss plaintiff's claim for constructive discharge.

## II.  FACTUAL OVERVIEW

The following facts from the Complaint, taken as true for the purpose of this motion, are relevant to the present motions to dismiss. Plaintiff was the Vice President for Corporate and Community Education at defendant SCC. In this capacity, plaintiff oversaw a department that conducted approximately 1,500 open enrollment, corporate education, and training courses per academic year. Plaintiff did not have any direct responsibility for selecting or hiring part-time faculty members to teach particular courses. Notably, plaintiff's wife taught several courses over the years at defendant SCC, although she was employed by a third-party contractor. However, to

---

[1] To the extent these defendants were acting within the scope of their employment, under the S.C. Tort Claims Act plaintiff's claims against these defendants can only be asserted against defendant SCC. However, plaintiff preserved his right to assert causes of action against Giles and Jones individually, to the extent they were not acting within the scope of their employment or were acting intentionally or with actual malice. Plaintiff did not specify which claims he may still assert based on this theory.
[2] At the hearing on this motion, counsel for plaintiff clarified that he is no longer asserting this claim against defendants Giles and Jones, either.

avoid any potential conflict of interest or any potential question of nepotism, plaintiff had previously cleared this arrangement with a former President of defendant SCC, Dan Terhune. Apparently, the arrangement sought to add another layer of supervision between plaintiff's wife and defendant SCC and to ensure that her selection to teach courses was the product of an arms-length transaction.

During his employment with SCC, plaintiff routinely spoke out regarding certain matters in staff and faculty meetings and during meetings of the President's executive council.  For example, plaintiff alleges he spoke out that SCC overcharged certain student and continuing education student fees beyond the amount required to service its bond debt.  Further, plaintiff spoke out alleging that defendants Jones and Giles intentionally misrepresented the true balance of SCC's Plant Fund in a June 22, 2010 meeting of the Board by approximately $5.6 to 6.0 million so that they could justify a tuition increase.  Also, plaintiff spoke out that defendants Jones and Giles failed to report a $3.0 million surplus in revenue for academic year 2009–10 and instead transferred the excess funds into SCC's Plant Fund.  Finally, plaintiff spoke out that defendants Jones and Giles authorized extravagant, unnecessary projects, such as spending approximately $50,000 to create an executive dining room for the president of the college and creating an unrestricted, annual fund of $500,000, known as "The Innovation Project," which had no specified purpose or oversight.

On or about August 12, 2010, the then-president of defendant SCC, defendant Jones, called plaintiff into a meeting with a human resources director at defendant SCC, Rick Teal. There, Jones and Teal informed plaintiff that he was being terminated effective immediately for alleged violations of the South Carolina State Ethics Act.  Mr. Teal and defendant Jones stated that they had discovered that plaintiff's wife had been teaching courses through defendant SCC

in plaintiff's department.  They argued that this constituted plaintiff using his public office to obtain a financial benefit for an immediate family member.

Plaintiff attempted to explain his arrangement with the previous SCC President to no avail.  Mr. Teal informed plaintiff that there were two ways that they could handle the alleged ethics violations: (1) if plaintiff accepted his termination and went away quietly, that would be the end of the matter; or (2) if plaintiff challenged his termination, SCC intended to file formal charges against plaintiff with defendant SEC.  At the conclusion of the meeting, plaintiff informed Jones and Teal that he intended to challenge his termination.

On or about August 22, 2010, plaintiff initiated a grievance pursuant to the South Carolina State Employee Grievance Procedures Act by sending written notice to defendant SCBTCE, which forwarded the notice to defendant Jones.  Two days later, plaintiff was informed that formal charges had been filed against him with defendant SEC by a complaint form signed by Herbert R. Hayden, the Executive Director of defendant SEC.  The initial charges against plaintiff were based solely on information provided by employees or officers of defendant SCC to defendant SEC.

Then, on August 30, 2010, defendant Jones notified plaintiff that his first-step grievance was denied.  Plaintiff appealed the denial of his grievance to defendant SCBTCE.  The President of defendant SCBTCE, Dr. Darryl Staat, converted plaintiff's termination to an indefinite, unpaid suspension pending the outcome of the ethics charges filed against plaintiff.  Unsatisfied, plaintiff then appealed this decision on September 21, 2010 to the Office of Human Resources of the South Carolina Budget and Control Board.  After a full hearing, the State Employee Grievance Committee upheld Dr. Staat's decision.

The unpaid, indefinite suspension created tremendous financial hardship on plaintiff and his wife, as plaintiff could not access his State retirement funds while assigned this employment status and he had no income other than unemployment benefits.  Plaintiff repeatedly asked defendant SCC and Dr. Staat to change his employment status, but they denied these requests.  Finally, on August 2, 2011, plaintiff notified defendant Jones that he had no choice but to submit an involuntary resignation to allow him to access his retirement funds.  Plaintiff filed a second grievance over the involuntary termination, but this grievance was summarily denied.

The case against plaintiff at defendant SEC was postponed on several occasions, but defendant SEC held a hearing before a panel on September 21, 2011.  Following a second hearing before the full Ethics Commission, on June 19, 2012 defendant SEC terminated the proceedings against plaintiff in his favor.  Defendant SEC found that plaintiff had done nothing wrong and that he had actually sought to avoid any appearance of impropriety in connection with his wife providing instructional services through defendant SCC.

## III.    LEGAL STANDARD

As an initial matter, although the defendants brought both motions as motions to dismiss under Rule 12(b)(6), in his response to the motion to dismiss brought by defendants Giles, Jones, SCBTCE, and SCC, the plaintiff asks the court to convert this motion into a motion for summary judgment, as he submitted matters outside of the pleadings for the court to consider along with his response.  *See* Rule 12(d), FED. R. CIV. P.[3]  As the language of this rule suggests, the court has complete discretion to determine whether or not to accept the plaintiff's submission and rely on it.  In this case, as discussed in more detail below, the materials that plaintiff submitted are not likely to facilitate disposal of this motion.  Moreover, if the court opts to consider these

---

[3] This rule states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

submissions and convert this motion into one for summary judgment, Rule 12(d) states that the court must give all parties a reasonable opportunity to present all material that is pertinent to the motion, which in this case will likely require additional briefing. For these reasons, the court excludes the materials the plaintiff has submitted and will decide this motion on the complaint alone. The plaintiff did not suggest that the court convert the motion to dismiss filed by defendant SEC into one for summary judgment, although defendant SEC did submit materials outside the complaint (copies of the SEC's decisions on plaintiff's ethics case). In any event, like the materials submitted by the plaintiff in response to the other motion to dismiss, these materials are not necessary to dispose of this motion to dismiss. Therefore, the court excludes and will not consider these materials, either.

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the facts alleged in the complaint and view them in the light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading "will not do" if it merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 557).  Accordingly, Plaintiff must put forth claims that cross "the line from conceivable to plausible."  *Id.* at 680 (internal quotation omitted).  The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (citation omitted).

## IV.   DISCUSSION

As noted above, there are two principal claims at issue in the pending motions to dismiss: (1) plaintiff's claim for attorney's fees under S.C. CODE ANN. § 15-77-300 against defendants SEC and SCC; and (2) plaintiff's claim for "constructive discharge" against defendants SCC and SCBTCE.  Each is discussed in detail separately below.

### A.  Attorney's Fees Under § 15-77-300

This code section allows a court to award attorney's fees under certain circumstances to a prevailing party in a "civil action" brought by the State or one of its agencies.  More specifically, this section provides that

> (A) In any *civil action* brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> > (1) the court finds that the agency acted without substantial justification in *pressing its claim* against the party; and
> >
> > (2) the court finds that there are no special circumstances that would make the award of attorney's fees unjust.
>
> The agency is *presumed to be substantially justified in pressing its claim against the party* if the agency follows a statutory or constitutional mandate that has not been invalidated by a court of competent jurisdiction.
>
> . . . .

> (C) The provisions of this section do not apply to civil actions relating to the establishment of public utility rates, disciplinary actions by state licensing boards, habeas corpus or post conviction relief actions, child support actions, except as otherwise provided for herein, and child abuse and neglect actions.

S.C. CODE ANN. § 15-77-300 (emphasis added).  Thus, for a party to obtain attorney's fees under this statute, the party must have prevailed in a civil action and the agency must have acted without substantial justification in pressing its claim against the party.  It is principally these two elements on which the parties in this case disagree.

Although the parties advance several arguments as to plaintiff's ability to state a claim under this statute, in the court's view one argument is clearly dispositive.  In particular, the South Carolina Supreme Court has already decided that an administrative proceeding is not a civil action within the meaning of § 15-77-300.  *See McDowell v. S.C. Dep't of Soc. Servs.*, 405 S.E.2d 830 (S.C. 1991).  In *McDowell*, Appellant applied for food stamp benefits with the Department of Social Services (DSS).  DSS denied her application because it concluded she exceeded the resource limit for food stamp eligibility.  After the agency denied her application, Appellant filed a circuit court action contesting the denial pursuant to the Administrative Procedures Act.  The circuit court ruled against Appellant and affirmed the agency's decision, but the court of appeals reversed.  As a result, Appellant filed a petition for attorney's fees pursuant to § 15-77-300.  Following a second appeal in which the court of appeals reversed the circuit court's dismissal of this petition as untimely, the circuit court found that Appellant was not entitled to attorney's fees for the hearing before DSS because § 15-77-300 does not apply to agency proceedings, that Appellant was not entitled to attorney's fees for proceedings in the circuit court because DSS's denial of food stamps was substantially justified, and that Appellant was not entitled to attorney's fees for her appeal to the court of appeals.

8

Importantly, on appeal of the circuit court's ruling on attorney's fees, the South Carolina Supreme Court affirmed the circuit court's denial of attorney's fees for proceedings at the agency level. The supreme court stated that, under § 15-77-300, "the agency action we examine for substantial justification is DSS's action in 'pressing its claim' against the adverse party." *Id.* at 832. To explain what this means, the supreme court cited a case of the Court of Appeals for the D.C. Circuit which construed a federal statute, 28 U.S.C. § 2412(d), which is similar to the one at issue in this case. *See id.* at 832 n.1 (citing *Spencer v. Nat'l Labor Relations Bd.*, 712 F.2d 539 (D.C. Cir. 1983)). Notably, the supreme court pointed out that, in construing this statute, *Spencer* drew a distinction between "evaluating the agency's litigation position rather than the underlying action giving rise to the litigation." *Id.* Further, the supreme court mentioned that although the federal statute was subsequently amended to require that both the agency's litigation position and its underlying action be substantially justified, the language of § 15-77-300 does not track the federal statute beyond using the phrase "substantially justified." *Id.* Therefore, the *McDowell* court looked "to the agency's position *in litigating* this case to determine whether it is one which has a reasonable basis in law and fact," not the agency's original decision-making. *Id.* at 832 (emphasis added).

After concluding that the DSS's "litigation position" was not substantially justified, the supreme court first held that the trial judge correctly denied attorney's fees for the hearing before DSS. *Id.* at 833. Specifically, the supreme court stated that, at this point, "the agency was not 'pressing its claim' in litigation against appellant but was merely functioning as an administrative decision-maker." *Id.* Next, the supreme court reversed the trial judge's denial of attorney's fees for the action for judicial review in the circuit court. *Id.* This was because "[a]n action for judicial review is one properly brought in the court of common pleas [even though it is

9

not brought] by summons and complaint . . . and is a civil action within the terms of § 15-77-300." *Id.* Finally, the supreme court reversed the trial judge's denial of attorney's fees for the appeal to the court of appeals. *Id.*

Plaintiff's attempt to distinguish this case is unpersuasive. For example, plaintiff appears to misconstrue the supreme court's rationale for denying attorney's fees for proceedings at the agency level. Plaintiff argues that the supreme court in *McDowell* denied attorney's fees at the agency level because Appellant—not DSS—instigated the agency proceeding by applying for food stamp benefits. In contrast, plaintiff notes, in the instant case defendant SEC instigated the case against plaintiff. In other words, plaintiff contends that the party who commenced the agency proceeding makes the difference.

As discussed above, though, nowhere did the *McDowell* court rely upon or even mention as significant the question of which party brought the claim at the agency level. Rather, the supreme court clearly relied upon the difference between the agency's litigation position and the underlying action giving rise to its decision. Indeed, the supreme court explicitly stated that, at the agency level, DSS "was not 'pressing its claim' *in litigation*."[4] *Id.* at 833 (emphasis added).

Plaintiff's final argument on this issue is that if the court has any reservations about whether § 15-77-300 applies to this case, the court should certify the question to the South Carolina Supreme Court. As defendant SEC notes, however, the South Carolina Appellate Court Rules provide that questions of law should be certified only "when it appears to the certifying court that there is no controlling precedent in the decisions of the Supreme Court." S.C. APP. CT.

---

[4] In addition, this court notes that § 15-77-300 refers to any attorney's fees awarded as "court costs." Further, the statute seems to contemplate the attorney's fees being awarded by "the court" presiding in the action that is brought by the State and in which the requesting party prevailed. In other words, the statute appears to presume that the action in which the party prevailed was before a court all along, rather than initially before an agency decision-maker.

R. 244.  Further, the Fourth Circuit has stated that "[a] federal court's certification of a question of state law to that state's highest court is appropriate when the federal tribunal is required to address a *novel issue* of local law which is determinative in the case before it."  *Grattan v. Bd. of School Comm'rs*, 805 F.2d 1160, 1164 (4th Cir. 1986) (emphasis added).  In the instant case, there is no novel issue of local law; *McDowell* and the plain language of § 15-77-300 control.

Based on the above, it is clear that plaintiff should not receive attorney's fees for the hearing before defendant SEC.  The materials the plaintiff submitted which go beyond his Complaint (and on which he asks the court to rely in converting the defendants' motion to one for summary judgment) relate to the secondary issue of whether the defendant SEC was "substantially justified" in pursuing the ethics charges against plaintiff.  *See* Pl.'s Mem. Opp'n, ECF No. 15.  Because the matter before defendant SEC was not a civil action, it is not necessary for this court to consider these materials to dispose of this claim, and thus the court need not convert the defendants' motion into one for summary judgment.  The court grants the defendants' motion to dismiss this claim and concomitantly denies the motion for attorney's fees the plaintiff originally brought in state court.  *See* ECF No. 4.

### B.  Constructive Discharge

Count 8 of Plaintiff's complaint, styled "constructive discharge," is against defendants SCC and SCBTCE.  These defendants have moved to dismiss this claim, tersely asserting that "[t]here is no legal preceden[t] for a stand-alone claim for constructive discharge."  Def.'s Mot. Dismiss 3, ECF No. 10.  Defendants appear to be arguing that, in and of itself, the fact that plaintiff alleges that he was constructively discharged does not present a claim to relief.  For example, in their Reply, defendants state that while an employee may have been constructively discharged (e.g., because an employee feels that his job situation is unbearable), this fact alone

does not state a cause of action unless the plaintiff also alleges that "the employer's motivation for making the employee's employment situation unbearable was motivated by an unlawful reason or in retaliation for the employee's engagement in some 'protected conduct.'"  Def.'s Reply 4, ECF No. 18.

Plaintiff responds that the defendants have mischaracterized his claim.  He explains that Count 8 is not a "stand-alone" cause of action, but rather a "request for an injunction to restore Plaintiff to his previous position."  Plaintiff notes that he has alleged in other causes of action that his termination was unlawful and in violation of his First and Fourteenth Amendment rights. According to plaintiff, both SCC and SCBTCE are named as defendants for this claim "because they would both presumably be necessary parties to such injunctive relief."

Defendants appear to be correct that there is not a stand-alone cause of action for constructive discharge.  *See, e.g.*, 2 MARK A. ROTHSTEIN ET AL., EMPLOYMENT LAW § 9.7 (4th ed.) ("It is important to remember that constructive discharge itself does not constitute a cause of action; proof that a quit was really a constructive discharge merely satisfies the discharge element in a claim for breach of contract or retaliatory discharge.  The employee must still prove that the underlying circumstances that led him or her to quit were somehow wrongful.").  Rather, proving constructive discharge is simply another way of proving that an employer has taken some adverse employment action against an employee.  *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185, 186–87 (4th Cir. 2004).  And that an adverse employment action has occurred is but one element of many potential employment-related claims, such as breach of contract, employment discrimination, and retaliatory discharge.  Although the Fourth Circuit has recognized that injunctive relief can be an appropriate remedy in cases where a constructive discharge has occurred, the plaintiff must still have pleaded against the relevant defendant(s) a

recognized cause of action of which constructive discharge is an element.  *Cf. Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1132 (4th Cir. 1995); *Johnson v. Shalala*, 991 F.2d 126, 130 n.\* (4th Cir. 1993); *Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1115 (4th Cir. 1981).

Thus, even if plaintiff has adequately pleaded constructive discharge, this only gets him so far.  The adequacy of this pleading is only relevant if his Complaint also alleges against SCC and/or SCBTCE some recognized claim for relief which requires constructive discharge.  In this court's view, plaintiff has not done so.  It is true, as plaintiff points out, that he has alleged a claim under 42 U.S.C. § 1983 for retaliatory discharge in violation of the First and Fourteenth Amendments.  Importantly, though, he does not allege these claims against SCC or SCBTCE, instead alleging them against defendants Giles and Jones only.  Therefore, the court is constrained to grant SCC and SCBTCE's motion to dismiss plaintiff's constructive discharge claim.  Still, the court will do so without prejudice to allow plaintiff the opportunity to file an amended complaint adequately pleading this claim, if plaintiff is able to do so.[5]

## V.    CONCLUSION

Based on the foregoing, the court disposes of the two pending motions to dismiss as follows.  First, the court dismisses, *with prejudice*, plaintiff's claim for attorney's fees under S.C. CODE ANN. § 15-77-300 against defendants SEC and SCC.  Correspondingly, the court denies plaintiffs' motion for attorney's fees filed in state court.  Next, the court dismisses, *without prejudice*, Plaintiff's claim for "constructive discharge" against defendants SCC and SCBTCE. Finally, plaintiff has withdrawn all of his tort claims against defendants Giles and Jones in their

---

[5] In this regard, the court notes that, to the extent that SCC and/or SCBTCE are considered to be an "arm" or "alter ego" of the State of South Carolina, the Eleventh Amendment precludes a § 1983 suit against these defendants.  *See, e.g., Martin v. Clemson Univ.*, 654 F. Supp. 2d 410 (D.S.C. 2009).  The court expresses no opinion on this issue at this time, as it is not necessary to do so in order to resolve the instant motion.

official capacities, and he has also withdrawn his negligent misrepresentation claim against defendants SCC and SCBTCE.  With respect to those claims only, then, the court denies as moot the motion of defendants SCC, SCBTCE, Giles, and Jones.

       IT IS SO ORDERED.

July 23, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge